IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Rackim Lavan Williams a/k/a Rackim Williams, | ) Civil Action No.: 8:14-cv-04369-TMC-JDA<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **REPORT AND RECOMMENDATION**<br>) **OF MAGISTRATE JUDGE** |
| Officer Clifton Davenport, | )<br>) |
| Defendants | )<br>) |

Plaintiff brought this action seeking relief pursuant to 42 U.S.C. §1983. On November 21, 2014, the Court authorized service of process and advised Plaintiff of his duty to keep the Court informed of his current address. [Doc. 9.] On October 13, 2015, Defendant filed a motion for summary judgment. [Doc. 48.] By Order of this Court on October 14, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 52.] The *Roseboro* Order was returned to the Court as undeliverable, marked "Return to Sender/Not Deliverable as Addressed/Unable to Forward." [Doc. 61.] As of the date of this Report and Recommendation, Plaintiff has failed to advise the Court of any change in his address or to file a response to the motion for summary judgment.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.

1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file a response to the motion for summary judgment and to advise the Court of the current address at which he can receive mail. The Court specifically warned Plaintiff that the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline. [Doc. 9 at 3.] Despite this explanation, Plaintiff has elected not to update his address and, as a result, has not received any filings in this case since at least mid-October. [Docs. 56 (mail returned as undeliverable on October 12, 2015, marked "released 10-1-15"); 61 (mail returned as undeliverable on October 25, 2015).] Because Plaintiff has already ignored the Court's directive to keep the Court apprised of his address, sanctions less drastic than dismissal would not be effective.[*]

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

                                                  s/Jacquelyn D. Austin
                                                  United States Magistrate Judge

November 23, 2015
Greenville, South Carolina

---

[*] The undersigned notes that on October 27, 2015 and out of an abundance of caution, the Clerk's Office mailed a letter and a Change of Address form to Plaintiff at 119 George Street, Branchville, SC 29432, based on the address listed on Defendant's certificate of service. [Doc. 59.] However, despite this reminder of the Court's directive to keep the Court apprised of his address, Plaintiff has failed to update his address with the Court.